IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 05-cv-01286-ZLW

OCT 24 2005

NICHOLAS R. BOYD,

GREGORY C. LANGHAM
CLERK

    Plaintiff,

v.

JOHN D. FERGUSON,
RICHARD HEAD (true name unknown),
JAMES KEITH,
DONICE NEAL,
JOSEPH ORTIZ,
LISA PALOMINO, and
JEANNE M. SMITH,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff Nicholas R. Boyd has filed **pro se** on October 11, 2005, "Plaintiff's Motion for New Trial Pursuant to F.R.C.P. 59, or in the Alternative, for Relief From Judgment or Order for Mistake Pursuant to F.R.C.P. 60." Mr. Boyd asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on September 29, 2005. The Court must construe the motion to reconsider liberally because Mr. Boyd is proceeding **pro se**. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Boyd filed the motion to reconsider within ten days after the Order and Judgment of Dismissal. ***See*** Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). ***See Van Skiver***, 952 F.2d at 1243.

The Court dismissed the instant action without prejudice after determining that Mr. Boyd failed to exhaust administrative remedies for each of the claims he raises in the complaint. Mr. Boyd alleges in the motion to reconsider that he did exhaust administrative remedies for each of his claims.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Boyd fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. ***See Shields v. Shetler***, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Boyd does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. The Court remains convinced that Mr. Boyd has failed to exhaust administrative remedies for each of the claims raised in the complaint. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that "Plaintiff's Motion for New Trial Pursuant to F.R.C.P. 59, or in the Alternative, for Relief From Judgment or Order for Mistake Pursuant to F.R.C.P. 60" filed on October 11, 2005, is denied.

DATED at Denver, Colorado, this 24 day of Oct, 2005.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01286-OES

Nicholas R. Boyd
Prisoner No. 53800
Rifle Corr. Center – South Unit
0200 Co. Rd. 219
Rifle, CO 81650-9530

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/24/05

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk